# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANE LARKINS LANKFORD,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:13-cv-36-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. For the reasons set forth herein, the decision of the Commissioner is **REVERSED** and the matter is **REMANDED** for further consideration.

## Procedural History

Plaintiff filed applications alleging she became unable to work on January 1, 2006, later amended to January 1, 2009 (R. 39, 193-94, 197-99). The claims were denied initially and on reconsideration, and Plaintiff requested and received an administrative hearing before an Administrative Law Judge ("the ALJ"). On August 19, 2011, the ALJ issued a decision denying Plaintiff's applications (R. 10-29). The Appeals Council denied Plaintiff's Request for Review (R. 1-5), making the ALJ's decision the final decision of the Commissioner. This action followed, and the parties consented to the jurisdiction of the United States Magistrate Judge. The matter is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Summary of Evidence Before the ALJ

Plaintiff was 47 years old at the time of the ALJ's decision, with a high school education and past relevant work experience as a secretary, an administrative clerk, a bill recapitulation clerk, and an information center specialist (R. 44, 85-87, 193).  She alleged disability due to bipolar disorder, post-traumatic stress disorder, and chronic back pain (R. 226).

In the interest of privacy and brevity the evidence set forth in the ALJ's decision will not be repeated here, except as necessary to address Plaintiff's objections.  In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff and her fiancé, and opinions from examining and non-examining consultants.  By way of summary, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, disc bulge at L5-S1 and Tl-12, osteoarthritis in the right knee, and obesity (20 CFR 404.1520(c) and 416.920(c)) (R. 15), but found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 18).  In so finding, the ALJ determined that Plaintiff's "medically determinable mental impairments of bipolar disorder, posttraumatic stress disorder, borderline personality disorder, and ADHD, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe" (R. 16).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,] except with the opportunity to change positions at will from sitting and standing/walking, and/or sedentary work with the ability to stand up at work station" (R. 18).  Noting the testimony of the Vocational Expert, the ALJ determined that claimant was capable of performing her past relevant work, and was therefore not under a disability at any time from the alleged onset date through the date of the decision (R.22-23).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two particular objections to the administrative decision, contending that the ALJ: 1) did not apply the correct legal standards when she did not state what weight she gave to multiple treating and examining opinions; and 2) did not apply the correct legal standards when she failed to state what weight she gave to Dr. Johnson's opinion of a moderate limitation in the ability to complete a normal workday and workweek.

**The five step assessment**

The Court reviews Plaintiff's objections in the context of the five step sequential evaluation that the ALJ must follow in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  Here, the burden remained with Plaintiff at all times, as the ALJ concluded her findings by determining that Plaintiff could return to her past relevant work at Step 4 of the evaluation.

Plaintiff asserts that medical opinions supporting a mental impairment, a migraine impairment, and supportive of her allegations of disabling pain, were not properly evaluated in determining the severity of her impairments, formulating the RFC, and evaluating her ability to return to her past work.

**Step 2 standards and Formulating the RFC**

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R.

§ 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Commissioner of Social Sec.,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

### *Plaintiff's allegations of migraines*

Plaintiff alleges that the ALJ erred in failing to include her complaints of headaches as a severe impairment. As the ALJ acknowledged (R. 19), the medical records do contain a diagnosis of migraines. As argued by the Commissioner, however, Plaintiff did not raise this impairment as a

---

[1] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

basis for her disability claim in her application (R. 226), nor did she claim disabling migraine headaches, or mention any limitations arising from same, at her hearing (R. 43-94). Moreover, Plaintiff does not point to any records where a treating physician assessed functional limitations due to these occasional headaches. As noted above, a mere diagnosis is not enough. The ALJ did not err in failing to list headaches as a separate impairment under these circumstances. *See Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (noting "it has been persuasively held that an '[ALJ] is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (internal citation omitted).

*Plaintiff's allegations of mental impairment*

A different result is reached with respect to Plaintiff's mental health impairments. When evaluating a mental impairment at Step 2, the Commissioner is required to apply the "special technique" described in 20 C.F.R. § 416.920a. This technique requires the adjudicator to determine first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 416.920a(b)(1). If the claimant is found to have such an impairment, the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," 20 C.F.R. § 416.920a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are found, then the adjudicator "generally" will conclude that the claimant's mental impairment is not "severe." 20 C.F.R. § 416.920a(d)(1).

Applied here, the ALJ acknowledged that Plaintiff had medically determinable impairments of bipolar disorder, post-traumatic stress disorder, borderline personality disorder, and ADHD (attention deficit hyperactivity disorder) (R. 16), and the administrative record is replete with

references to Plaintiff's mental health issues and alleged limitations arising from same. While there is also evidence that Plaintiff's various conditions wax and wane, are amenable to treatment, and are complicated by factors other than illness, Plaintiff has met her burden of showing that her various mental impairments[2] are not so slight and the effect not so minimal, and thus warrant a finding of severity for the purposes of Step 2. The ALJ's conclusion to the contrary is not supported by substantial evidence. This does not end the analysis, however.

"[T]he finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Commissioner of Social Security*, 382 Fed. Appx. 823 (11th Cir. 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at Step 2 and proceeded forward with the sequential evaluation. Thus, even if Plaintiff's mental health issues should have been included as severe, the omission is only reversible error if the ALJ subsequently failed to fully account for functional limitations arising from these impairments. Here, the ALJ did not include *any* functional limitations arising from Plaintiff's various mental health impairments. This conclusion is evaluated according to the standards governing the formulation of the RFC.

**Step three findings**

Title 20 C.F.R. §404.1545(a)(3) requires the ALJ to consider all medical evidence when formulating a residual functional capacity. The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to

---

[2] In the interest of privacy, the Court will not detail the evidence, except to note the various diagnoses, low Global Assessment of Functioning Scores, treatment with lithium, anti-anxiety and anti-depressants, and a history which includes involuntary hospitalization and suicide attempts.

determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*quoting Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

*Opinion Evidence*

As mentioned, Plaintiff contends that the ALJ did not correctly evaluate the opinion evidence. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

As noted by Plaintiff, the administrative decision notes several treating records, some containing "symptoms, diagnosis, and prognosis" which were identified by the ALJ, but not explicitly credited or discredited. While the Court agrees with the Commissioner that some of the records were

implicitly weighed and discounted,[3] Plaintiff is correct that the ALJ erred in failing to consider and explicitly weigh the opinion of Robin Johnson, Psy.D., a state agency consultative psychologist.

On December 18, 2009, Dr. Johnson, a non-examining psychologist, completed a Mental Residual Functional Capacity Assessment (MRFCA) (R. 660-62). In Section I of the form, labeled "Summary Conclusions," the psychologist noted certain moderate limitations with respect to Plaintiff's ability to complete a normal workday and workweek due to psychologically based interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods (R. 661). In Section III of the form, labeled "Functional Capacity Assessment," Dr. Johnson stated the following:

> Clmt may have moderate difficulties understanding, remembering, and carry out detailed and complex directions and maintaining attention and concentration for an extended period of time. However, she retains the mental capability to understand, remember, and carry out simple & repetitive directions/tasks and maintain attention & concentration on uncomplicated tasks for two hour periods during an eight hour workday. affective d/o sympatology and characterlogical issues may cause variable reliability and productivity as well as moderate reduction of social functioning/interaction, nevertheless she could persist in a role with well defined performance expectations, limited supervisions and superficial and limited social demands.

(R. 662).

Despite the obvious relevance of the opinion, the ALJ failed to evaluate it, as required by *Winschel.* While the Commissioner acknowledges the error, she claims it is harmless as the ALJ "implicitly rejected" it in finding that Plaintiff does not have a severe mental impairment. That

---

[3]The ALJ stated:
I note that the medical evidence of record shows that symptoms related to the claimant's mental impairments have responded to medication when she takes it as prescribed; however, she does not always appear to take her psychotropic medications. Furthermore, she testified that she did not go to counseling as she did not believe in it. Medical records show that the claimant has not received any regular ongoing treatment from a mental health professional since 2006; she receives medication through her primary care physician. I note that the medical evidence of record shows that the claimant has been dealing with mental health issues since childhood. However, she has a significant work history and worked at the substantial gainful activity level through 2008. Furthermore, throughout the entire medical evidence of record, there are notations regarding polysubstance abuse and prescription medication abuse as well as manipulative behavior. Furthermore, none of the claimant's treating physicians have opined that she was unable to work due to mental health problems nor have they given her any work-related mental limitations (Exhibits lF, 4F, 6F, 8F, l2F, l7F, l8F, 26F, 27F, and 28F).

contention, however, puts the cart before the horse. The ALJ must consider all of the evidence *first*, in order to evaluate the severity of the mental impairment. While this opinion is not that of a treating provider and is not entitled to automatic deference, Dr. Johnson is a specialist and the opinion provides a level of functionality that is significantly more reduced than the RFC found by the ALJ. As such, it is pertinent and not cumulative, and the ALJ's failure to consider and weigh it is not harmless error. Remand is required for consideration and weighing of this opinion consistent with *Winschel.*

As the Court finds that proper standards were not applied to evaluation of the opinion evidence, it cannot determine whether the ALJ adequately accounted for the functional limitations arising from the Plaintiff's mental limitations. As the ALJ must consider the combined effect of all impairments,[4] remand for further consideration of all of the medical evidence, and clarification as to the weight given all of the opinions in light of the complete record, is required.

In recommending that the case be remanded for additional consideration of the evidence, the Court does not imply that reconsideration will lead to a different ultimate result. Rather, the Court recognizes that its task is not to weigh the evidence in the first place, but to evaluate whether the decision is properly supported and was reached by application of the correct standards. As the instant evaluation of the evidence does not comport with that standard, remand is necessary.[5]

## Conclusion

As set forth above, the administrative decision is not supported by substantial evidence and is not in accordance with proper legal standards. As such, the decision is **REVERSED and the**

---

[4] The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

[5] Plaintiff also objects to the evaluation of her complaints of pain and limitations. As remand is necessary to further consider and explain the weight given the medical opinion evidence, the ALJ will necessarily look anew at Plaintiff's allegations.

**matter is REMANDED** to the Commissioner for additional proceedings not inconsistent with this opinion. The Clerk is directed to enter judgment for Plaintiff, under sentence four of 42 U.S.C. § 405(g), and close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record